**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUN 2 6 2017

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | | |
|---|---|---|
| **ANGELA MAE BLYTHE** | * | |
| Birthdate: December 13, 1963 | | |
| Inmate #58567037 | * | |
| 3 South Third Street | | |
| Oakland, Maryland 21550 | * | |
| | | |
| Defendant, | * Criminal Case No.: WDQ-1-14-CR-00591-001 | |
| | * Civil Case No.: MJG-17-1756 | |
| v. | * | |
| | | |
| **UNITED STATES OF AMERICA** | * | |

**TABLE OF CONTENTS**

| | Page Number |
|---|---|
| <u>MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE</u> | |
| <u>PURSUANT TO 28 U.S.C. §2255</u> | 1 |
| SUMMARY OF FACTS | 3 |
| **PART ONE.** | |
| **DEFENSE COUNSEL'S LEGAL REPRESENTATION AT TRIAL** | |
| **WAS INEFFECTIVE** | 5 |
| 1. Defense counsel failed to call any expert witnesses to testify about how real property conveyances often occur, or other relevant defense issues | 6 |
| 2. Defense counsel failed to call an expert witness to explain what a Notary Public is, how attorneys routinely rely upon notaries in real estate transactions, and the duties/ responsibilities of a Notary Public. | 8 |
| 3. Defense counsel failed to call an expert to explain the difference between a "1031 Exchange" and a "mortgage payoff." | |

1

The same expert could have explained what a "1031 Exchange"
is and how a "1031 Exchange" real estate closing is conducted.     10

4. Counsel failed to call an expert witness to explain basic
real property law.     11

5. Defense counsel failed to call an expert witness to explain
that land owners routinely and legally use companies for
privacy purposes.     12

6. Defense counsel failed to *ever* advise Defendant about
Judge William D. Quarles Jr.'s September 29, 2015
*Memorandum Opinion*.     13

7. Counsel failed to call an expert to explain the purpose of a
*title letter* or *title insurance commitment*, and information
contained therein about mortgage payoffs, etc.     14

8. Defense counsel failed to call an expert to testify
about BB&T's negligence in making the Stony Brook/
Strosnider Red Run loan.     16

9. Defense counsel did not have exhibits available to be
presented to the Court when witnesses testified.     22

10. Defense counsel failed to request a jury instruction to
explain a Notary Public's duties, and the criminal ramifications
if the Notary Public fails in those duties.     25

11. Defense counsel failed to advise the Judge and the jury
that Jonathan Robeson, Esquire, conducted the Tracy Riley

The same expert could have explained what a "1031 Exchange"
is and how a "1031 Exchange" real estate closing is conducted.     10

4. Counsel failed to call an expert witness to explain basic
real property law.     11

5. Defense counsel failed to call an expert witness to explain
that land owners routinely and legally use companies for
privacy purposes.     12

6. Defense counsel failed to *ever* advise Defendant about
Judge William D. Quarles Jr.'s September 29, 2015
*Memorandum Opinion*.     13

7. Counsel failed to call an expert to explain the purpose of a
*title letter* or *title insurance commitment*, and information
contained therein about mortgage payoffs, etc.     14

8. Defense counsel failed to call an expert to testify
about BB&T's negligence in making the Stony Brook/
Strosnider Red Run loan.     16

9. Defense counsel did not have exhibits available to be
presented to the Court when witnesses testified.     22

10. Defense counsel failed to request a jury instruction to
explain a Notary Public's duties, and the criminal ramifications
if the Notary Public fails in those duties.     25

11. Defense counsel failed to advise the Judge and the jury
that Jonathan Robeson, Esquire, conducted the Tracy Riley

closing, not Defendant.                                                                    25

12. Defense counsel's comments and behavior in front of
the jury prejudiced Defendant's defense.                                        26

13. Defense counsel was unprepared to cross-examine key
witnesses.                                                                                         27

14. Defense counsel did not ask for witnesses to be sequestered
at the beginning of the trial, failed to file post-conviction
motions, and failed to subpoena the bank loan files, all of which
prejudiced Defendant's case.                                                           28

15. Defense counsel failed to cross-examine Summer Rhodes,
the Notary Public the Government called in its case in chief.
Defense counsel failed to call as a defense witness another
Notary Public who was used in Vansickle's scheme.                    29

16. Defense counsel failed to call Samuel Vansickle as a
defense witness or to present Vansickle's apology letter.         32

17. Defense counsel failed to properly cross-examine the
Susquehanna Bank president, Jeff McCauley, because defense
counsel was unprepared.                                                                 33

18. Defense failed to explain to the jury why the defense
"shoved" more than 300 deeds into evidence.                             35

19. Defense counsel failed to show the jury that Vansickle
conducted business with more lawyers and companies than
just Defendant.                                                                                  35

20. Defense counsel failed to call numerous key witnesses. 38

21. Defendant did not knowingly waive her right to testify. 39

22. Defense counsel did not even know how to use the court's desktop projector. 40

23. Defense counsel failed to show how two other lawyers, Craig Ingram, Esquire, and Linda Sherbin, Esquire conducted closings with one of Vansickle's aliases the same way Defendant conducted the closing. 41

24. Defense counsel failed to present or explain the law about: (1) attorney certifications on deeds, (2) the notary public's purpose and duties, (3) 1031 exchanges, (4) IRS 1099 filings which attorneys are required to file with the IRS to report real property conveyances, (5) Maryland real property intake sheets, and (6) conveyance types identified on Maryland Real Property Intake Sheets. 42

25. Defense counsel failed to provide defendant with the pre-sentence investigation report until December 1, 2015. Defendant's sentencing was December 14, 2015. 42

**PART TWO**

**THE FEDERAL PROSECUTOR ENGAGED IN PROSECUTORIAL MISCONDUCT.** 44

CONCLUSION:                                                                 49

BUT FOR DEFENSE COUNSEL'S LACK OF PREPARATION AND INEFFECTIVENESS AND PROSECUTORIAL MISCONDUCT, DEFENDANT WOULD NOT HAVE BEEN CONVICTED.

Exhibits First Section

Exhibits Second Section (continuation)

*Angela Blythe*
Angela Blythe, Pro Se, Defendant
3 South Third Street
Oakland, Maryland 21550
301-334-3522
angelablythe@mac.com